IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. LAWRENCE P. RUDOLPH, D.D.S., and CAMELBACK CONSULTING, LLC, | : : : | |
| Plaintiffs, | : : | Consolidated at Civil Action No. 2:12-CV-01710-AJS |
| v. | : : : | Hon. Arthur J. Schwab |
| PAUL BABAZ, | : : : | |
| Defendant. | : | |

### DEFENDANT PAUL BABAZ'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant Paul Babaz ("Mr. Babaz" or "Defendant") hereby moves to dismiss the claims alleged in the Amended Complaint filed against him in the above-captioned action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and, in the alternative, moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e):

1. On or about March 19, 2013, Plaintiff Rudolph filed a Complaint against Mr. Babaz.

2. The Complaint asserted alleged claims for defamation (Count One), intentional interference with business relationships (Count Two), and breach of fiduciary duty (Count Three).

3. On or about May 1, 2013, Mr. Babaz filed a Motion to Dismiss Complaint and a supporting Memorandum.

4. On or about May 10, 2013, Plaintiff Rudolph, now joined by his company, Camelback Consulting LLC ("Camelback"), filed an Amended Complaint against Mr. Babaz.

{01459020}

5.      Plaintiffs' Amended Complaint should be dismissed because it fails to plead facts sufficient to establish that this Court has personal jurisdiction over Mr. Babaz under any jurisdictional theory, including general, specific or "effects" jurisdiction.

6.      Plaintiffs' Amended Complaint is devoid of allegations or evidence of any forum-related activities or effects sufficient to create personal jurisdiction over Mr. Babaz under Pennsylvania's long-arm statute.

7.      In addition, assertion by this Court over Mr. Babaz would violate his constitutional due process rights as Mr. Babaz lacks the requisite minimum contacts with the Commonwealth of Pennsylvania and such an assertion of jurisdiction would not comport with notions of fair play and substantial justice.

8.      Putting aside the Amended Complaint's jurisdictional defects, Plaintiff Rudolph's alleged defamation claim (Count One), Plaintiff Camelback's alleged "intentional interference with contract" claim (Count Two), and Plaintiff Rudolph's alleged "breach of fiduciary duty" claim (Count Three) are barred by Pennsylvania's applicable one-year statute of limitations under 42 Pa.C.S.A. § 5523(1).

9.      Plaintiff Rudolph also fails to plead facts sufficient to support an alleged breach of fiduciary duty claim (Count Three).

10.     Mr. Babaz relies on the facts, law and arguments set forth in his concurrently filed Memorandum of Law in Support of his Motion to Dismiss Amended Complaint, which is incorporated herein by reference.

11.     Mr. Babaz also relies on the documents attached to his previous Motion to Dismiss (Dkt. No. 7) as Exhibit "A" (*i.e.*, a true and correct copy of the "Petition,"[1] including its attached statement by Mr. Babaz, all of which are referenced in, but not attached to, the

---

[1] Upon information and belief, additional signatures were also obtained on the Petition.

Complaint and the Amended Complaint).  See Complaint (Dkt. No. 1), at ¶¶ 53-54; Amended Complaint, at ¶ 65.

12. In the alternative, Mr. Babaz requests that this Court grant, in the alternative, his Motion for a more definite statement pursuant to F. Civ. R. P. 12(3) with respect to the alleged defamatory remarks contained in paragraphs 50, 59, 68, and 71 of the Amended Complaint.  As pleaded, these allegations do not specify *who* allegedly spoke or repeated purported defamatory statements, *what* was allegedly said, *where* the statements were allegedly made, and *when* the statements were allegedly made.  These allegations are so vague and so conclusory that Mr. Babaz is incapable of framing a proper response to them as pleaded.

13. Accordingly, Mr. Babaz alternatively requests that this Court require Plaintiffs to provide a more definite statement, including who, what, where and when, of the alleged defamatory statements contained in paragraphs 50, 59, 68, and 71 of the Amended Complaint.

14. Attached hereto is a proposed Order of Court, pursuant to Rule II.C of the Practices and Procedures of Judge Arthur J. Schwab (effective 6/18/2012).

WHEREFORE, Mr. Paul Babaz respectfully requests that this Court grant his Motion to Dismiss and dismiss with prejudice or otherwise all claims asserted against Mr. Babaz for lack of jurisdiction and/or on the substantive grounds listed above or, in the alternative, that this Court grant Defendant's Motion for a More Definite Statement.

Dated:  May 30, 2013	Respectfully submitted,


			*/s/ David H. Cook, Esq.*	
			Jerri A. Ryan, Esq.
			Pa. I.D. No. 80039
			David H. Cook, Esq.
			Pa. I.D. No. 201059

			Clark Hill Thorp Reed
			Firm I.D. No. 282
			One Oxford Centre
			301 Grant Street, 14th Floor
			Pittsburgh, PA 15219-1425
			(412) 394-2388

			Counsel for Defendant Paul Babaz


{01459020}	- 4 -

## CERTIFICATE OF SERVICE

      I hereby certify that on May 30, 2013, the foregoing **DEFENDANT PAUL BABAZ'S MOTION TO DISMISS AMENDED COMPLAINT AND [PROPOSED] ORDER** were served upon all counsel of record via the CM/ECF Electronic filing system of the United States District Court for the Western District of Pennsylvania.

                                                     */s/ David H. Cook, Esq.*