

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

One PPG Place
Suite 1900
Pittsburgh, PA 15222
Telephone: 412.394.3333
Facsimile: 412.232.1799
www.ogletreedeakins.com

Samantha M. Clancy
412.394.3333
samantha.clancy@ogletreedeakins.com

February 21, 2014

Charles E. Steele, Esq.
Steele Schneider
700 Lawyers Bldg.
428 Forbes Ave.
Pittsburgh, PA 15219

      RE:  Dr. Lawrence P. Rudolph v. Safari Club International;
           No. 2:12-cv-1710

Dear Mr. Steele:

I am writing to you with respect to numerous deficiencies in Rudolph's responses to Defendant's Requests for Admissions, First and Second Set of Interrogatories, and Requests for Production of Documents[1].

While many of Rudolph's responses are insufficient, the following Interrogatories are the most deficient and require your immediate rectification so that the parties can move forward with planned depositions. You have also indicated that there are areas of our discovery responses where you are seeking supplementation. I trust that you will agree that resolving these written discovery issues prior to depositions makes the most sense.

In responding to SCI's Second Set of Interrogatories, Rudolph failed to provide any responses to Interrogatory Nos. 12, 20 and 21. SCI requests that Rudolph provide responses to these Interrogatories immediately.

In response to Interrogatory No. 7, Plaintiff states that he is in the process of obtaining a statement from Dave Watson and that this statement would be provided to defense counsel. If you have received such a statement, please forward it to us immediately.

---

[1] We would like to point out that though all of the certificates of service included with Rudolph's responses are dated June 20, 2013, we did not receive your responses to these Requests until November 2013.

Atlanta • Austin • Berlin (Germany) • Birmingham • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver
Detroit Metro • Greenville • Houston • Indianapolis • Jackson • Kansas City • Las Vegas • London (England) • Los Angeles • Memphis
Miami • Minneapolis • Morristown • **EXHIBIT 1-Motion to Set Status Conference** • Philadelphia • Phoenix • Pittsburgh
Portland • Raleigh • Richmond • St. Louis • St. Thomas • San Antonio • San Diego • San Francisco • Stamford • Tampa • Torrance • Tucson • Washington

**Ogletree
Deakins**

Charles E. Steele, Esq.
February 21, 2014
Page 2

With respect to Interrogatory No. 9, Rudolph's response is incomplete as Rudolph has not provided any detailed basis that supports the calculations for his alleged damages. Specifically, Rudolph must provide the bases for his claims that he is entitled to "$200,000 reimbursement for contributions Plaintiff made to Defendant SCI of which he no longer can receive the benefits," "$425,000 related to Defendant SCI's breach of Plaintiff's Independent Contractor Agreement," and "$500,000 of reputational damages." Rudolph has simply provided figures, but has not provided any documents or other detailed information to support his contention that he is entitled to those amounts.

In Interrogatory No. 11, SCI requested that Rudolph "describe in detail all evidence that supports your allegations expressed in each of the numbered paragraphs of your Amended Complaint." Rudolph objected to this Interrogatory as "oppressive, burdensome and partially irrelevant." Frankly, it is incredulous for Rudolph to contend that portions of the Amended Complaint are "irrelevant;" though, if that is the case, please advise which averments you deem irrelevant. Further, Rudolph claims that this Interrogatory exceeds the 25 Interrogatory limit and responded only to paragraph Nos. 1 through 11. This argument has no basis. Accordingly, please provide a full and complete answer.

With respect to Interrogatory Nos. 18 and 19, Rudolph objects to these Interrogatories and states that he does not understand the use of the term "tagged." SCI's use of the term "tagged" refers to the process by which Rudolph shot and claimed the sitatunga deer. With this clarification in mind, Rudolph is directed to provide the information requested in this Interrogatory.

### SCI's Second Request for Production of Documents

With respect to Defendants Second Request for Production of Documents, Rudolph failed to respond to Request No. 25, though he offers no objection that supports his failure to respond to this Request. Rudolph is directed to respond to this Request immediately.

Rudolph objects to Request No. 7 on the basis that all requested information is in the sole possession of SCI and its agents. Rudolph's response indicates that he has no "correspondence, memoranda, videos, or other documents" that relate to his allegation that SCI's alleged defamatory statements harmed his reputation. Please confirm whether, through this response, Rudolph is claiming that he has no documents or other tangible evidence that relates to his claims that his reputation has been harmed.

Rudolph objects to Interrogatory No. 14 as oppressive and burdensome. He further objects on the basis that requested information is in the exclusive possession of SCI and its agents. These objections are not substantiated or appropriate.

Finally, Rudolph objects to Request No. 18 related to his personal and business tax returns and financial statements as oppressive, burdensome, and irrelevant, but provides no basis

**EXHIBIT 1-Motion to Set Status Conference**



Charles E. Steele, Esq.
February 21, 2014
Page 3

for such objections.   Rudolph is claiming financial damage in this matter and, therefore, information related to his finances is relevant.   Rudolph is directed to supplement this response immediately.

It is our hope and expectation that Rudolph will cure these discovery deficiencies immediately.

Sincerely,

Samantha M. Clancy

SMC:dmz

cc:     Justin Steele, Esq.
        W. Scott Hardy, Esq.

16932855.1

**EXHIBIT 1-Motion to Set Status Conference**