

**Charles E. Steele, Esquire**
**Marcus B. Schneider, Esquire**

Jonathan D. Steele, Esquire
Justin C. Steele, Esquire
Christopher N. Elnicki, Esquire
Alex J. Barker, Esquire

Lawyers Building
428 Forbes Avenue, Suite 700
Pittsburgh, PA 15219

PHONE: 412.235.7682
FAX: 412.235.7693

March 11, 2014

Samantha M. Clancy, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place
Suite 1900
Pittsburgh, PA 15222

RE: Dr. Lawrence P. Rudolph v. Safari Club International;
No. 2:12-cv-1710

Dear Ms. Clancy,

The purpose of this letter is to respond to your February 21, 2014 letter regarding the alleged deficiencies in Dr. Rudolph's responses to Defendant's Requests for Admissions, First and Second Set of Interrogatories, and Requests for Production of Documents.

Inasmuch as this letter resolves the outstanding discovery issues relating to Dr. Rudolph, I have also enclosed updated deposition notices with suggested dates for the individuals that we have previously discussed. While we are willing to work with SCI to remedy bona fide scheduling issues with the dates we have suggested, we are not willing to delay the scheduling of depositions beyond the final week of March.

### Plaintiff's Response to SCI's Interrogatories

Dr. Rudolph's responses to Interrogatories 9, 12, 18, 19, 20, and 21 are enclosed in the form of a supplemental response to Defendant's Second Set of Interrogatories. To date, no statement has been received from Dave Watson. If and when a statement is received, it will be provided to you via a supplemental response to Interrogatory No. 7.

Regarding Interrogatory No. 11, Dr. Rudolph's argument that Interrogatory No. 11 exceeds the 25 Interrogatory limit is supported by the law. As you know, absent leave of court or a stipulation from Dr. Rudolph, SCI is limited to 25 interrogatories. Fed. R. Civ. P. 33. The advisory committee notes that accompany the 1993 amendments to the rule explicitly prohibit evasion of the 25 interrogatory limit by "joining as 'subparts' questions that seek information about discrete separate subjects." Id.

Interrogatory No. 11 requests that Dr. Rudolph provide evidence that supports each numbered paragraph in his 158 paragraph Amended Complaint. Dr. Rudolph's Amended Complaint sets forth the factual basis for his claims by alleging that SCI and the members of its

EXHIBIT 2-Motion to Set Status Conference
www.steeleschneider.com

BOI participated in a variety of conduct that occurred at a variety of different times. By asking Dr. Rudolph to provide evidence supporting each of the allegations in his Amended Complaint, SCI is clearly seeking information about discrete separate subjects in an effort to evade the 25 interrogatory limit. Although Dr. Rudolph has already provided evidence supporting paragraphs 6 through 11 in connection with Interrogatory 11, Dr. Rudolph would respond to information sought by SCI regarding two additional discrete separate subjects [1] that correspond to specific paragraphs in the Amended Complaint.

### Plaintiff's Response to SCI's Request for Production of Documents

Dr. Rudolph's response on Request No. 7 is enclosed in the form of a supplemental response to Defendant's Second Set of Requests for Production of Documents. Regarding Request No. 25, Dr. Rudolph is in the process of searching for any documents he has in his possession related to Dallas Safari Club. Inasmuch as Dr. Rudolph was never a member of Dallas Safari Club, Dr. Rudolph does not believe that he has in his possession any documents related to Dallas Safari Club, but his search will continue and if any documents are located, they will be produced in the form of a supplemental response to Request No. 25.

Your contention that Dr. Rudolph's argument that Request No. 14 is oppressive and burdensome is not substantiated or appropriate is not persuasive. The fact that SCI requests that Dr. Rudolph produce documents relating to 158 separate paragraphs in his Amended Complaint, many of which set forth basic background information, information that pertains solely to SCI, or legal conclusions for which Dr. Rudolph clearly does not have or need documentary support, is clear evidence of the oppressive and burdensome nature of SCI's request. Dr. Rudolph will not respond to Request No. 14 until SCI narrows the Request to include only paragraphs in the Amended Complaint that could reasonably lead to the discovery of admissible evidence not already in SCI's possession.

Regarding Request No. 18 related to Dr. Rudolph's personal and business tax returns and financial statements, your claim that such information is relevant because Dr. Rudolph has claimed financial damage in this matter is unpersuasive. Dr. Rudolph's income tax return includes income from sources that have no connection to the claims set forth in this matter. Specifically, Dr. Rudolph makes no claims regarding loss of income in his dental practice, so disclosure of the financial information pertaining to Dr. Rudolph's dental practice is not relevant. Also, the financial damage that Dr. Rudolph claims is prospective in nature and thus was not reported on Dr. Rudolph's previously filed income tax returns or financial statements, so a review of those documents would not lead to the discovery of admissible evidence.

Dr. Rudolph also objects to providing these documents on the basis that the information sought by SCI can be obtained from other sources. Dr. Rudolph's claimed damages consist of the contributions he made to SCI, SCI's breach of Dr. Rudolph's Independent Contractor Agreement, and damage to Dr. Rudolph's reputation.

---

[1] Dr. Rudolph notes that the designation of two discrete separate subject would exhaust SCI's 25 interrogatories for this matter since SCI has previously exhausted 23 of its interrogatories in connection with its first and second set of interrogatories direct to Dr. Rudolph.

**EXHIBIT 2-Motion to Set Status Conference**

  Certainly SCI has in its possession records reflecting contributions made by Dr. Rudolph and the payments Dr. Rudolph would have received had SCI not breached his Independent Contractor agreement. The basis for Dr. Rudolph's calculation of reputational damages includes a consideration of his inability to provide consulting services in the hunting community on a prospective basis. Dr. Rudolph anticipates filing an expert report in this regard, although such a report has yet to be obtained. Inasmuch as these damages are claimed on a prospective basis, a review of Dr. Rudolph's historical income tax returns and financial statements would not lead to the discovery of admissible evidence. SCI will have the opportunity to discuss these issues with Dr. Rudolph during his deposition. Dr. Rudolph will not respond to Request No. 18 absent a court order to do so.

  Please contact me as soon as possible if you or your clients have any issues with the deposition dates that we have suggested.

                Sincerely,

                */s/ John C. Steele*

                Justin C. Steele, Esq.

**EXHIBIT 2-Motion to Set Status Conference**